Michael GRAY, Appellant,

v.

T. D. HUTTO, Superintendent, Virginia State Penitentiary; Terry Richtmeyer, Superintendent, St. Bride's Correctional Center, Appellees.

No. 80–6679.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1981.

Decided April 1, 1981.

Rehearing Denied May 6, 1981.

Karen Breeding Peters, Alexandria, Va. (Zwerling & Shapiro, P.C., Alexandria, Va., on brief), for appellant.

Vera S. Warthen, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Robert E. Bradenham, II, Asst. Atty. Gen., Richmond, Va., on brief), for appellees.

Before MURNAGHAN and ERVIN, Circuit Judges, and MERHIGE *, District Judge.

MURNAGHAN, Circuit Judge:

Found guilty in a state court prosecution of possession of a controlled substance (PCP) with intent to distribute, Gray appeals a denial of habeas corpus by the United States District Court for the Eastern District of Virginia. The application for habeas corpus proceeded on a claim that, during a lunch recess in the one-day trial, one of the jurors told her husband that she thought Gray was guilty.

The matter had first been called to the attention of the state court judge only upon a post-trial motion for a new trial. The state court judge thereupon convened an evidentiary hearing. The juror denied making the statement and asserted that she did not decide whether Gray was guilty until the jury had retired to deliberate. Several persons testified that the juror had in fact expressed an opinion of Gray's guilt and the state court judge assumed, without actually deciding, that the statement was in fact made. However, relying on the testimony of the juror, the trial judge concluded that the statement was harmless. He accepted the juror's insistence that she was not prejudiced and did not decide Gray's guilt prematurely.

There followed the habeas corpus proceeding in the United States District Court for the Eastern District of Virginia. Judge Albert V. Bryan, Jr., on the basis of the facts as the state court found them, declined to issue the writ. He stated: "the court accepts the state court's finding, and the evidence which amply supports that finding, that Mrs. Craigie did not decide the

issue of guilt or innocence until after the jury began its deliberations." Judge Bryan also assumed that the juror had expressed a belief of guilt while the trial was still in progress.

■ Gray, had he not, by his inaction, eroded his position, might have raised a very serious question. "Private communications, possibly prejudicial, between jurors and third persons, ... are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear." *Mattox v. United States*, 146 U.S. 140, 150, 13 S.Ct. 50, 53, 36 L.Ed. 917 (1892). Assuming, as did both the state court judge and the United States District Judge, that the juror formed and expressed a premature conviction of guilt, we must conclude that the juror's comment, indubitably improper, was presumptively prejudicial, with the burden resting heavily upon the prosecution to establish that such communication between the juror and her husband was harmless to the defendant. With the manifestly strong pressures on the juror to exculpate herself from a quite untenable position, her self-serving statements should not count for much. It must be seriously questioned whether even a prompt curative instruction made before the jury retired, which emphasized the need for all jurors to maintain open minds, would have been sufficient.

■ However, there are facts which essentially amount to a waiver and foreclose reliance by Gray on the claimed impropriety of the juror. Those who overheard the conversation between her and her husband told Gray's attorney while the case was still in progress. The attorney, however, never informed the court. The judge learned of the matter only when Gray's new attorney, appointed for purposes of appeal, filed a motion for a new trial based on the alleged juror misconduct. Thus, a period of 47 days was permitted to elapse during which the opportunities greatly increased for memories, both of the juror and of the witnesses

* The Honorable Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

who claimed to have overheard her, to grow vague or to reform and vary the recollections.

In short, however strong Gray's case for a mistrial might have been had the court been immediately notified, counsel's deliberate inaction amounted to a conscious decision to find out what the jury was going to do. Obviously counsel preferred to proceed in hopes that the jury might acquit. Counsel's approach, were we to grant the requested habeas corpus and accompanying new trial, would allow the defendant two bites at the apple, with a most unfair reduction, because of the passage of time (more than two years), in the probability that the Commonwealth could present its case as strongly as would have been possible had a mistrial, and consequent new trial, been sought and granted immediately.

Thus, we substantively refrain from deciding whether it would have been appropriate, once the assumption was made that the juror had committed the claimed impropriety, to attempt to correct or neutralize the questionable conduct by a cautionary instruction. Even if it was not, the allowing of time to pass, with the consequent adverse changes in the position of the Commonwealth and the inevitable prejudicial increase in expenditure of time and effort, have cost Gray the force of the argument.

*AFFIRMED.*