UNITED STATES of America, Appellee,

v.

**Eugene CARTER, a/k/a Bimbo, Defendant, Appellant.**

No. 86–1744.

United States Court of Appeals, First Circuit.

Argued Dec. 5, 1986.

Decided April 7, 1987.

John J. Loftus, Washington, D.C., for defendant, appellant.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Portland, Me., was on brief for appellee.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

This case is an appeal from a conviction entered after a guilty plea. Appellant raises three issues that we discuss in turn. We affirm the district court "without prejudice to the appellant's right to apply for an immediate hearing in the district court, pursuant to 28 U.S.C. § 2255, on his claim of ineffective assistance of counsel." *United States v. Kobrosky*, 711 F.2d 449, 450–51 (1st Cir.1983).

*Background*

Eugene Carter pled guilty to four counts[1] in connection with a marijuana smuggle that took place in November 1982. At the hearing in which the court accepted his plea (the Rule 11 hearing),[2] Carter testified that he had piloted his lobster boat out to meet a marijuana-laden mother ship, where he picked up the captain of that ship and left a pilot who would bring the ship to shore. He had plans to return the captain to the ship after the smuggle was completed, but the ship was seized. If the smuggle had succeeded, Carter testified that he would have received $10,000.

In the plea agreement with the government, Carter agreed to cooperate fully. He further agreed to take a lie detector test that would test his cooperation. If he failed, that failure would, under the agreement, be grounds for the government to abrogate the agreement. He took the test and, according to the government, failed to respond truthfully to questions about who arranged the landing site for the marijuana shipment. The government had three witnesses who would testify that Carter told them he had spoken to the owner of the landing site and had made arrangements for use of that site. Carter apparently denied this. The government then moved to abrogate the plea agreement and the court granted the motion after defense counsel conceded that abrogation was proper.

The court informed Carter that he could withdraw his plea, which he declined to do, and then held a second Rule 11 hearing. Carter admitted, once again, his involvement and the court explained the charges. After a sentencing hearing the judge sentenced him to three five year terms, to be served concurrently, and one three-year probation term.

I. ABROGATION OF THE PLEA AGREEMENT

Appellant claims that the prosecution's "unilateral" abrogation of the plea agreement violated his right to due process. He argues that the court had a responsibility *sua sponte* to conduct an evidentiary hearing to determine whether the government was correct in its noncooperation determination. His counsel below conceded that the abrogation was proper and requested no evidentiary hearing. Nor did he call into question the method or manner of administration of the polygraph test.

The district court did, however, hold an evidentiary hearing that focused on the noncooperation issue prior to sentencing.

---

1. He was charged with conspiracy to possess marijuana with intent to distribute, possession of marijuana with intent to distribute, conspiracy to import marijuana, and importation of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a) and 963.

2. Fed.R.Crim.P. 11 provides, in relevant part:

  * * * * * *

 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

 (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; . . .

At the conclusion of the hearing the court stated:

> ... by a preponderance of the evidence as the Government has alleged, this defendant has not fully cooperated in that he has failed to inform the government of all that he knows about the criminal activities surrounding the charges of which he stands convicted.

Sentencing Transcript at 197–98. Thus, not only did appellant waive this challenge below, *see United States v. Allen*, 724 F.2d 1556, 1558 (11th Cir.1984), but he already received the evidentiary ruling he requests.[3]

## II. THE RULE 11 HEARING

■ Carter challenges the Rule 11 hearing on two grounds: insufficient factual basis for a guilty plea and failure to explain the charges. The first challenge is frivolous. By admitting that he knew there was marijuana on the mother ship and that he was aiding the smuggle by ferrying the captain and the pilot, Carter provided a sufficient basis for the conspiracy counts. Similarly, these admissions are sufficient to show liability as an aider or abetter on the substantive counts.

■ Appellant's second claim, that he should be permitted to withdraw his plea because he did not understand the nature of the charges against him, requires us to examine carefully the transcript of the Rule 11[4] hearing. We note, first, that Carter had two, substantially similar, Rule 11 hearings, one before and one after the abrogation of the plea agreement. Carter stated that he had gone over the charges with his attorney, that he understood the charges and that he was satisfied with his attorney. The judge read Carter the four counts he was charged with: conspiracy to possess with intent to distribute, possession with intent to distribute, conspiracy to import, and importation. Carter stated that he understood the charges. These

charges are simple enough that a man with a high school education who says that he understands them should be believed. *See Mack v. United States*, 635 F.2d 20, 25 n. 2 (1st Cir.1980) ("there are indictments as to which a simple reading is the only explanation necessary"). The judge also told Carter the maximum penalties each charge carried and explained that the penalties could be strung out consecutively. Carter stated he understood.

■ Appellant makes much of the *mens rea* requirement of the possession counts (possession with "intent to distribute") and the subtleties of "conspiracy." First, it is not beyond common knowledge to assume that a group of men bringing in a freighter of marijuana are not planning to consume it themselves, but rather to distribute it. That intent needs no explanation. And second, while the subtleties of conspiracy law may be the bane of criminal law students, the basic principle is easily understood: a group of people agreeing to do something illegal. Carter testified that he knew what conspiracy meant. We see no reason why the judge should have disbelieved this totally plausible assertion. *See Marquis v. United States*, 698 F.2d 13 (1st Cir.1983) (upholding guilty plea in similar circumstances).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

■ Appellant's ineffective assistance of counsel claim was not raised below. Ineffective assistance of counsel charges depend on evidentiary matters that are best considered by the district court in the first instance. We will not hear this claim until it has been raised in a 28 U.S.C. § 2255 proceeding below. *See United States v. Kobrosky*, 711 F.2d 449, 457 (1st Cir.1983); *see also United States v. McClure*, 786 F.2d 1286, 1291 (5th Cir.1986).

In summary, *affirmed*.

---

**3.** Appellant's claim, raised at oral argument, that the district court's noncooperation determination was factually incorrect must be raised before the district court on a motion for reconsideration or for habeas corpus under 28 U.S.C. § 2255. On the record as it stands on appeal we

cannot say that the district court's decision was not supported by the evidence. The judge simply made a credibility determination that we cannot second guess.

**4.** *See* footnote 2, *ante.*