**UNITED STATES of America, Appellee,**

v.

**Jorge Hernando HOYOS–MEDINA, Defendant, Appellant.**

**No. 88–2084.**

United States Court of Appeals, First Circuit.

Heard June 9, 1989.

Decided June 27, 1989.

---

David W. Roman, Asst. Federal Public Defender, with whom Gerardo Ortiz Del Rivero, Federal Public Defender, was on brief, for appellant.

Warren Vazquez, Asst. U.S. Atty., Crim. Div., with whom Daniel F. Lopez–Romo, U.S. Atty., and Jose A. Quiles, Asst. U.S. Atty., were on brief, for U.S.

Before CAMPBELL, Chief Judge, CAFFREY,* Senior District Judge, and SKINNER,** District Judge.

LEVIN H. CAMPBELL, Chief Judge.

Defendant Jorge Hernando Hoyos Medina appeals from his conviction in the United States District Court for the District of Puerto Rico for crimes related to his actions in smuggling cocaine into the United States on a flight from Bogota, Colombia. After a jury had found him guilty, but before the court had a hearing concerning his sentence, the district court granted Hoyos's trial attorney's motion to withdraw from the case on the basis of unspecified differences with Hoyos. The court appointed in place of the previous attorney the Federal Public Defender for the District of Puerto Rico. At the sentencing hearing, where Hoyos was represented by the public defender, Hoyos told the district court that his previous counsel had tried to coerce him into pleading guilty by threatening that the court would sentence him more harshly if he chose to go to trial and was convicted. Hoyos also asserted that the attorney's lack of diligence had prevented Hoyos from obtaining and presenting the witnesses he wished. After informally questioning Hoyos's former counsel who happened to be in the courtroom at the sentencing, the court assured defendant that there would be no reprisal and proceeded with the sentencing hearing.

■ Hoyos's new counsel did not move then or later for a mistrial or a new trial on the ground that Hoyos's prior attorney had provided ineffective assistance. On this appeal, however, Hoyos requests a new trial on that basis. In this circuit and elsewhere it is ordinarily the rule that a claim of inadequate representation will not be determined on a direct appeal when the claim has not been raised in the district court. *See United States v. Carter*, 815 F.2d 827, 829 (1st Cir.1987); *United States v. Kobrosky*, 711 F.2d 449, 457 (1st Cir. 1983); *United States v. Freeze*, 707 F.2d 132, 138–39 (5th Cir.1983). The reason for this rule is apparent. Unless the claim is presented, the trial judge will not know that it is being raised and will not resolve it. Yet the judge who presided over the trial is in the best position to evaluate the quality of representation. Both fairness to the parties and judicial economy require that an appellate court not deal with such a claim where no effort was first made to obtain a determination by the district court.

■ In most cases, moreover, as here, a defendant's assertion that he has received ineffective assistance of counsel requires the resolution of factual occurrences outside, as well as within, the courtroom. In this case, an evidentiary hearing would be necessary to determine whether, as defendant claims, defendant's counsel threatened and misled defendant, or wrongfully refused to present witnesses on his behalf. Although at the sentencing defendant complained to the court about the quality of representation by former counsel, and the court seized that opportunity to address several questions to the latter, it was not informed that Hoyos, now represented by new counsel,[1] was claiming that former counsel's conduct was so deficient as to constitute grounds under the Constitution to set aside the jury's guilty verdict. Neither Hoyos's former counsel nor Hoyos himself testified under oath, subject to cross-examination, nor did the district court undertake to determine the accuracy of Hoyos's charges upon the understanding that they were a challenge to the legality of his conviction. Under these circumstances, an appellate court is not in a position to consider Hoyos's present claim.

At this juncture, the most likely mechanism for pursuing a claim that defendant's

---

* Of the District of Massachusetts, sitting by designation.

** Of the District of Massachusetts, sitting by designation.

1. New counsel stated that since he was entering "at this stage ... we would like to clearly preserve any errors which subsequent study may lead us to raise on appeal in this case." The court agreed. The reservation, however, could in no way offset the fact that the district judge was never alerted to the present claim and so never scrutinized it.

trial counsel performed so poorly as to deprive defendant of his constitutional right to counsel would seem to be a collateral proceeding under 28 U.S.C. § 2255 (1982). Since the claim cannot be considered now on direct appeal and since there is no other assignment of error, we affirm defendant's conviction without prejudice to any right he may have to raise the issue of ineffective assistance of counsel in a proceeding brought pursuant to section 2255.

*Affirmed.*