UNITED STATES of America,
Plaintiff, Appellee,

v.

Robert COSTA, Defendant, Appellant.

UNITED STATES of America,
Plaintiff, Appellee,

v.

John T. DURAND, Defendant,
Appellant.

Nos. 88–1506, 88–1534.

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1989.

Decided Nov. 17, 1989.

Daniel K. Sherwood, Malden, Mass., for defendant, appellant Robert Costa.

Paul A. Dinsmore, Woonsocket, R.I., for defendant, appellant John T. Durand.

Michael E. Davitt, Sp. Atty., U.S. Dept. of Justice, Washington, D.C., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for plaintiff, appellee.

Before BOWNES and TORRUELLA, Circuit Judges, and BROWN,* Senior Circuit Judge.

BOWNES, Circuit Judge.

Defendants Robert Costa and John Durand appeal their convictions by a jury for: 1) distributing cocaine in violation of 21 U.S.C. § 841(a)(1); and 2) conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Defendants raise three issues on appeal. First, defendant Costa contends that there was insufficient evidence to support the verdict against him. Second, both defendants argue that a new trial is warranted due to alleged juror misconduct. Finally, both defendants raise claims of ineffective assistance of counsel. For the reasons discussed below, we affirm the convictions.

* Of the Fifth Circuit, sitting by designation.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant Costa contends that there was insufficient evidence to support the jury's verdict against him on charges of distributing and conspiring to distribute cocaine. In reviewing such a claim, our task is to "view the evidence and reasonable inferences from it in the light most favorable to the government and determine whether the government produced sufficient evidence for a finding of guilt beyond a reasonable doubt." *United States v. Pelletier,* 845 F.2d 1126, 1131 (1st Cir.1988); *see also Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Jimenez–Perez,* 869 F.2d 9, 10 (1st Cir.1989); *United States v. Cintolo,* 818 F.2d 980, 983 (1st Cir.), *cert. denied,* 484 U.S. 913, 108 S.Ct. 259, 98 L.Ed.2d 216 (1987). We also take into consideration that "the evidence need not preclude every reasonable hypothesis inconsistent with guilt." *United States v. Guerrero–Guerrero,* 776 F.2d 1071, 1075 (1st Cir.1985), *cert. denied,* 475 U.S. 1029, 106 S.Ct. 1233, 89 L.Ed.2d 342 (1986). "It is enough that ... a rational jury could look objectively at the proof and supportably conclude beyond reasonable doubt that the defendant's guilt had been established." *United States v. Ingraham,* 832 F.2d 229, 240 (1st Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1738, 100 L.Ed.2d 202 (1988).

■ Applying these principles to the facts at hand, we find that there was sufficient evidence to support the jury's verdict finding Costa guilty of distributing and conspiring to distribute cocaine. The jury was presented with testimony from an undercover police detective as well as with three consensually recorded telephone calls between a government informant, who was working with the detective, and Costa's codefendant, Durand. The stated purpose of the phone calls was to finalize the purchase of cocaine by the detective. In the phone calls, Durand told the informant that "everything was all set," the "guy" had the stuff, you'll be "impressed" with it, and all Durand had to do was give the guy a call and then, "boom boom," it would be arranged. After the calls, according to the undercover detective's testimony, the informant and he drove to Durand's home. Durand took the detective to an address later stipulated to be Costa's apartment, where he introduced the detective to a "Bobby." In Durand's presence, "Bobby" handed the undercover detective a plastic bag filled with a white, powdery substance, later tested to be cocaine, and in return received $1,400 in cash. "Bobby" then told the detective to go through Durand for any future purchases. "Bobby" was identified in court by the detective as being the defendant Costa.

This evidence provided a more than sufficient basis for the jury to find Costa guilty beyond a reasonable doubt of distributing cocaine. We recognize that Costa introduced the testimony of his wife and son to rebut the detective's version of events. Costa's wife testified that her husband always wore a hat and eyeglasses, features that were not included by the police detective in his description of "Bobby." Costa's son testified that his father was with him at his mother's home during the time of the alleged transaction. The testimony of these witnesses, however, does not compel a finding of insufficient evidence. The jury was free to discount entirely the credibility of the defendant's witnesses, and accept the detective's version of events instead.

The evidence also was more than adequate to support the jury's finding that Costa conspired with Durand in the distribution of the cocaine. Although the telephone calls mentioned neither Costa's name nor the word "cocaine" explicitly, a jury could infer from the calls that Durand was talking to the informant about a cocaine deal that he had set up with Costa for the detective. This inference is supported by the fact that, immediately after the phone calls, Durand took the detective to Costa's apartment, was present when the cocaine passed hands, and was named by "Bobby" (Costa) as the person with whom the detective should deal for future cocaine transactions with Costa. All this evidence supports a finding that Costa and Durand were conspiring together to distribute co-

caine. Although Durand took the stand and testified to a much different version of events—claiming, among other things, that he thought the deal was for marijuana and that he was not in the room when the drugs passed hands, the jury was free to discredit his testimony and accept the detective's version instead. For these reasons, we conclude that there was sufficient evidence to support the jury's verdict against Costa on charges of distributing and conspiring to distribute cocaine.

## II. JUROR MISCONDUCT

Both defendants also contend that a new trial is warranted due to juror misconduct. The claim of juror misconduct arises from the presence on the jury of a juror who was a prior acquaintance of defendant Durand. This juror failed to come forward and acknowledge that she knew Durand when the trial judge inquired of all prospective jurors whether any of them knew any of the witnesses, attorneys, or defendants in the case. The defendants claim that the juror's failure to come forward warrants a new trial.

The judge below held a post-trial hearing at which he questioned the juror to determine any possible bias she may have had against the defendants. In a memorandum opinion he denied the defendants' motion for a new trial on the ground that the defendants and their attorneys had known of the juror's misconduct before the verdict but had not come forward with this information until after the verdict. The judge concluded that this failure to come forward constituted a waiver of any right the defendants may have had to raise the issue of juror misconduct.

We agree. We have held previously that a defendant's failure to raise a claim of juror bias until after trial, when the issue of potential bias was known by the defendant during trial, amounts to a waiver of the claim. See United States v. Kelly, 722 F.2d 873, 881 (1st Cir.1983), cert. denied, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984). Other circuits that have discussed the issue uniformly agree. See, e.g., United States v. Ramsey, 726 F.2d 601, 604 (10th Cir.1984), cert. denied, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986); United States v. Dean, 667 F.2d 729, 730 (8th Cir.) (en banc), cert. denied, 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982); Gray v. Hutto, 648 F.2d 210, 211–12 (4th Cir.1981). Any other rule would allow defendants to sandbag the court by remaining silent and gambling on a favorable verdict, knowing that if the verdict went against them, they could always obtain a new trial by later raising the issue of juror misconduct. See United States v. Bollinger, 796 F.2d 1394, 1400–01 (11th Cir.1986), modified on other grounds, 837 F.2d 436 (11th Cir.), cert. denied, — U.S. —, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); United States v. Breit, 712 F.2d 81, 83 (4th Cir.1983).

In this case, defendants Durand and Costa both admitted that at the time the jury was being selected they were aware that one of the jurors knew Durand. Both claim that they informed their attorneys of the situation, but were told to keep quiet. Whatever the reason for their silence, neither the defendants nor their attorneys informed the court during trial that a juror knew Durand. This constituted a waiver of any right to raise the issue of juror misconduct after trial.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendants' last claim on appeal is one of ineffective assistance of counsel at trial. Their contention of ineffective assistance revolves around their attorneys' failure to raise the issue of juror misconduct during trial. Both defendants claim that they informed their attorneys of the juror's misconduct at the time the jury was selected, but were told to keep quiet. This, the defendants contend, constitutes ineffective assistance of counsel sufficient to warrant a new trial.

We decline to reach the merits of the ineffective assistance claim because the defendants failed to raise the issue properly below. We repeatedly have stated that when an ineffective assistance of counsel

claim is not raised below, we will not consider it for the first time on appeal. *See, e.g., United States v. Hoyos–Medina*, 878 F.2d 21, 22 (1st Cir.1989); *United States v. Carter*, 815 F.2d 827, 829 (1st Cir.1987); *United States v. Kobrosky*, 711 F.2d 449, 457 (1st Cir.1983). The reason for the rule is that a trial judge is in the best position to evaluate the quality of legal representation in the first instance. Such an evaluation typically requires the resolution of factual issues as well as inquiries into other evidentiary matters that cannot effectively be handled for the first time by a court of appeals. *See United States v. Hoyos–Medina*, 878 F.2d at 22. In this case, for instance, any examination of the ineffective assistance claim necessarily would involve factual inquiries into whether the defendants did indeed notify their attorneys of the juror's misconduct, what the attorneys said in response, and the reasons for this response. We are in no position to conduct such an inquiry.

We acknowledge that both defendants gave some indication of their displeasure with their trial attorneys before the district court. Defendant Durand fired his trial attorney expressly because of allegedly inept representation, and the judge below was informed of this fact. Yet, although Durand was advised specifically by a new court-appointed attorney as to the possibility of raising a claim of ineffective assistance of counsel, Durand chose to premise his motion for a new trial solely on the ground of juror misconduct. Because of this failure to raise a claim of ineffective assistance of counsel below, we decline to consider the issue for the first time on appeal.

Defendant Costa's situation is slightly more complicated. Unlike Durand, he did not merely indicate his displeasure with trial counsel through verbal comments before the district court. Rather, in a *pro se* motion for a new trial, he expressly listed as one of twelve grounds for a new trial the fact that his trial attorney was "grossly ineffective and guilty of misconduct." No further mention was made, however, of this allegation of ineffective assistance. The attorney who was subsequently appointed to represent Costa focused solely on the issue of juror misconduct in his motions and arguments for a new trial. Similarly, the district court focused exclusively on the matter of juror misconduct in the evidentiary hearing that was held on the motions for a new trial. As a result, no factual record was developed concerning the issue of ineffective assistance of counsel.

In this context, we decline to consider the matter of ineffective assistance of counsel for the first time on appeal. Despite the mention of ineffective representation in Costa's *pro se* motion for a new trial, the issue really cannot be said to have been raised or explored properly below. As stated previously, we are averse to considering on appeal a fact-specific matter that is best considered in the first instance by a trial court.

## IV. CONCLUSION

We find sufficient evidence to support the jury's verdict against defendant Costa. We also conclude that both defendants waived any right to raise the issue of juror misconduct by withholding information regarding the juror until after the verdict. Finally, we decline to consider the claims of ineffective assistance of counsel because of defendants' failure to raise the issue properly below. We thus affirm the convictions. We do so, however, without prejudice to any right the defendants may have to pursue the issue of ineffective assistance of counsel in a proceeding brought pursuant to 28 U.S.C. § 2255.

AFFIRMED.