**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Kevin TAYLOR, Defendant, Appellant.**

**No. 90–1572.**

United States Court of Appeals, First Circuit.

Heard Sept. 4, 1991.

Decided Oct. 28, 1991.

Rehearing and Rehearing En Banc Denied Nov. 21, 1991.

---

Daniel K. Sherwood, Malden, Mass., for defendant, appellant.

Duane J. Deskins, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for plaintiff, appellee.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and CAMPBELL, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

The only question of consequence in this case is whether defendant's rights under the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. Appendix 2, Article IV(e), were violated when he was taken from Massachusetts custody in its state prison, MCI–Concord, to the District Court for the District of Massachusetts on a writ of *habeas corpus ad prosequendum* for arraignment for an unrelated crime and returned to state custody the same day. Under Article IV(e) he should have been tried "prior to ... being returned to the original place of imprisonment" in the

"sending state." Article V(e). The problem arises from the fact that when the arrest warrant for the federal offenses had been issued defendant had been in MCI–Concord awaiting a state trial and the U.S. Marshall had filed a detainer with the state, activating the IAD, unrequested by, and unreported to, the United States Attorney. As a consequence, when defendant was arraigned federally and the magistrate inquired whether there was a detainer, the assistant United States attorney told him there was not. Defendant, who was unrepresented by counsel, knew otherwise, but said nothing.[1] A discussion then took place between defendant and the magistrate as to which custody he preferred, and defendant said state, so to receive credit on the state sentence he was, by then, serving. The magistrate acquiesced, remarking that since there were no federal institutions in Massachusetts, defendant would undoubtedly be at MCI–Concord whichever custody he was in.

Thereafter defendant filed a pro se motion to dismiss the federal indictment because of the violation of the IAD. Strictly, in literal accordance with the statutory language, defendant was correct. Our question is whether common sense rejects that literal application. We so hold. The test is the underlying purpose of the Act. *United States v. Mauro*, 436 U.S. 340, 349, 98 S.Ct. 1834, 1841–42, 56 L.Ed.2d 329 (1978).

Three years ago another defendant named Taylor—no relation—went through the same procedure, being returned to state custody after arraignment, the same day, and we declined to apply the IAD. *United States v. Taylor*, 861 F.2d 316, 319 (1st Cir.1988). Our reasoning, with citations, was that so brief an interruption was no threat to his rehabilitation, the main purpose of the Act, and that there could be advantages to a prisoner in not delaying a federal arraignment. Inherent in our decision, though we did not say so, was that the prisoner's return the same day was to the same institution from which he had been sent. We take this circumstance to be essential to our ruling.

It is true that in *United States v. Taylor* the defendant was in the Middlesex County

---

**1.** There is no merit in the government's conten-    tion that he was obliged to speak.

jail and had not yet started his state prison confinement where rehabilitation would commence, a distinction which we noted for other purposes in *Crooker v. United States*, 814 F.2d 75, 77 (1st Cir.1987), but the *Taylor* court did not assert that for this aspect of its ruling. What we rely on is the single day interruption of the state confinement, and the manifest lack of injury.

We have considered defendant's other contentions, but they do not call for comment. Assuming that his complaint of ineffective assistance of counsel is before us because the alleged deficiencies are adequately apparent on the record, *United States v. Caggiano*, 899 F.2d 99, 100 (1st Cir.1990), with which *compare United States v. Hoyos–Medina*, 878 F.2d 21, 22 (1st Cir.1989), we do not find them meritorious.

*Affirmed.*