960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Thomas John CONOWAL, Defendant, Appellant.
 90-1474.
 United States Court of Appeals, First Circuit.
 Feb. 11, 1992
 
 Thomas J. Conowal on brief pro se.
 Daniel F. Lopez Romo, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant, Thomas John Conowal, pleaded guilty to aiding and abetting the importation of cocaine into the United States from Colombia in violation of 18 U.S.C. § 2 and 21 U.S.C. § 952(a). According to the plea agreement, the government agreed to request the dismissal of the two remaining counts of the indictment and to recommend that appellant be sentenced at the lowest range of the Sentencing Guidelines. Accordingly, on March 22, 1990, appellant was sentenced to 120 months imprisonment, a supervised release term of five years and a monetary fine of $20,000.
 
 
 2
 On appeal, appellant raises one issue: whether his trial counsel provided him with ineffective assistance of counsel in violation of his Sixth Amendment rights. First, appellant alleges that counsel failed to move to suppress the cocaine seized by United States Customs officials on the ground that the seizure was the result of an unconstitutional, warrantless search. Second, appellant claims that his requests to speak with an attorney prior to being questioned by the Customs officials were repeatedly denied in violation of Miranda v. Arizona, 384 U.S. 436 (1966). He maintains that the failure to move to suppress the statements appellant made pursuant to the unconstitutional interrogation along with the failure to move to suppress the cocaine coerced him into deciding to plead guilty.
 
 BACKGROUND
 
 3
 According to the government's version of the facts, the events leading up to appellant's arrest began when the United States Customs air smuggling group received information that a certain aircraft might attempt to smuggle cocaine from South America through the airport in Ponce, Puerto Rico. Appellant was the pilot of this aircraft. After landing at Ponce, appellant filed a flight plan indicating that his next destination was the airport at Mayaguez, Puerto Rico. The plane then took off. Subsequently, the Customs agents were informed that the plane had changed direction and was no longer proceeding to Mayaguez. Rather, it was heading south.
 
 
 4
 The next day, the plane once again landed at the airport in Ponce. At this time, a Customs agent approached the airplane. Through the window he saw several suitcases. He then asked appellant and his passenger about the contents of the plane. Appellant eventually stated that the plane contained cocaine. A search of the aircraft revealed 11 suitcases and two handbags, the contents of which field-tested positive for cocaine. Appellant and the passenger were then arrested, advised of their Miranda rights and taken to the Customs office in Ponce. In conversations with Customs officials, appellant stated that he had flown from Fort Lauderdale, Florida, to Ponce and from Ponce to Colombia. In Colombia the suitcases containing the cocaine were loaded into the plane. En route back to Fort Lauderdale, the plane stopped at Ponce to refuel.
 
 DISCUSSION
 
 5
 Ordinarily, this court will not address a claim of ineffective assistance of counsel on direct appeal when the issue has not been raised in the district court. United States v. Hoyos-Medina, 878 F.2d 21, 22 (1st Cir. 1989). We have recognized two reasons for this rule. "First, the reviewing court benefits from careful preliminary consideration by the trial judge, who is better situated to appraise defense counsel's representation in the district court proceedings." United States v. Sanchez, 917 F.2d 607, 612-13 (1st Cir. 1990), cert. denied, 111 S.Ct. 1625 (1991). Second, inadequate representation claims often involve "the resolution of factual issues as well as inquiries into other evidentiary matters that cannot effectively be handled for the first time by a court of appeals." United States v. Costa, 890 F.2d 480, 483 (1st Cir. 1989). Only in unusual circumstances will this rule be relaxed. United States v. Latorre, 922 F.2d 1, 9 (1st Cir. 1990), cert. denied, 112 S.Ct. 217 (1991).
 
 
 6
 In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that the standards set out in Strickland v. Washington, 466 U.S. 668 (1984), apply to cases in which a defendant attacks the effectiveness of counsel arising out of the plea process. Hill, 474 U.S. at 57. The first question under this test is whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). As for the prejudice prong of the Strickland test, appellant must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59 (footnote omitted). Specifically, the resolution of this issue turns on whether an alleged affirmative defense "likely would have succeeded at trial." Id.
 
 
 7
 From the foregoing, it is plain that an examination of the claim of ineffective assistance of counsel in this case would involve a factual inquiry into what, if anything, appellant told his counsel about the search of the airplane and the denials of his requests to speak with an attorney after being informed of his Miranda rights, what counsel replied to the above information and counsel's reasons for his response. Moreover, it would be necessary to make some investigation concerning the merits of appellant's constitutional claims. Given the nature and breadth of these questions, we are not in any position to conduct such an inquiry. See Costa, 890 F.2d at 483 (where ineffective assistance claim based on alleged failure of counsel to raise issue of juror misconduct, court of appeals does not have capacity to conduct an investigation into what defendants had told their attorneys concerning such misconduct and what attorneys had said in response).
 
 
 8
 Because we do not perceive any unusual circumstances in this case, we cannot consider appellant's claim now. As there is no other assignment of error, we affirm the judgment of the district court without prejudice to appellant's right to raise his claim of inadequate representation in a collateral proceeding under 28 U.S.C. § 2255. See Sanchez, 917 F.2d at 613 (most ineffective assistance of counsel claims "better left to collateral review").
 
 
 9
 Affirmed.