14 F.3d 45
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Albert L. GIOVANELLA, III, Defendant, Appellant.
 No. 93-1751.
 United States Court of Appeals,
First Circuit.
 December 13, 1993
 
 Appeal from the United States District Court for the District of New Hampshire
 Gerard J. Boyle and Boyle Law Office, P.C. on brief for appellant.
 Peter E. Papps, United States Attorney, Arnold H. Huftalen, Assistant United States Attorney and Terry L. Ollila, Special Assistant United States Attorney, on brief for the United States.
 D.N.H.
 AFFIRMED
 Before Selya, Circuit Judge, Coffin, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 In this criminal appeal, defendant-appellant Albert L. Giovanella, III, advances three arguments. We address each of them briefly (albeit not in the order presented).
 
 
 2
 * Appellant challenges his conviction on Count X of the indictment on the ground that the statute of conviction, 18 U.S.C. Sec. 1956(a)(1) (1988), applies only to persons who "hid[e] proceeds of unlawful drug sales." Appellant's Brief at 48. We disagree. The language of the statute suggests no such limitation, the legislative history implies none, and no court, to date, has given credence to this argument. Count X of the indictment charged appellant, in essence, with conducting financial transactions involving the proceeds of wire-fraud activities. By its terms, the statute of conviction reaches knowing use of "the proceeds of specified unlawful activity." 18 U.S.C. Sec. 1956(a)(1)(A)(1). At the time of appellant's actions, wire fraud affecting financial institutions was so specified. See 18 U.S.C. Sec. 1956(c)(7)(1)(D) (1988). The charge contained in Count X was, therefore, properly laid under section 1956(a)(1)(A)(1). See United States v. Alford, 999 F.2d 818, 822-23 (5th Cir. 1993); United States v. Paramo, 998 F.2d 1212, 1217-18 (3d Cir. 1993); United States v. Taylor, 984 F.2d 298, 301 (9th Cir. 1993); United States v. Montoya, 945 F.2d 1068, 1076-77 (9th Cir. 1991).
 
 II
 
 3
 Appellant also challenges the sufficiency of the evidence with regard to Count X. Following a guilty verdict, a reviewing court must scrutinize the record, drawing all reasonable inferences in favor of the verdict, to ascertain if a rational jury could have found that the government proved each element of the crime beyond a reasonable doubt. See United States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993); United States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005 (1993). The government can satisfy its burden of proof by either direct or circumstantial evidence. See Echeverri, 982 F.2d at 679; United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir.), cert. denied, 492 U.S. 910 (1989). To sustain a conviction, a reviewing court need not conclude that only a guilty verdict could appropriately be reached; it is enough that the jury's determination draws its essence from a plausible reading of the record. See Echeverri, 982 F.2d at 677; Ortiz, 966 F.2d at 711.
 
 
 4
 Using these guideposts, the quantum of evidence adduced here is more than adequate. If the jury believed either Dr. Barbati or Mr. Kittredge-and credibility calls are, of course, within the jury's exclusive province, see United States v. David, 940 F.2d 722, 730 (1st Cir. 1991), cert. denied, 112 S. Ct. 2301, (1992)-either man's testimony was sufficient to show that appellant committed fraud, and that the fraud came within the contours of section 1956(a)(1)(A)(1). That the jury was at liberty to believe both witnesses simply adds frosting to the cake and highlights the futility of appellant's asseveration.
 
 III
 
 5
 The Sixth Amendment provides that persons accused of crime shall receive the benefit of counsel for their defense. See U.S. Const. amend. VI. Appellant says that he did not receive this protection because his attorney performed below acceptable standards of proficiency. We do not think that this suggestion is ripe for our consideration.
 
 
 6
 "We have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." United States v. Mala, No. 91-2229, slip op. at 9-10 (1st Cir. Oct. 27, 1993) (footnote omitted); accord, e.g., United States v. McGill, 952 F.2d 16, 19 (1st Cir. 1991); United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991), cert. denied, 112 S. Ct. 986 (1992); United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989); United States v. Costa, 890 F.2d 480, 482-83 (1st Cir. 1989); United States v. Hoyas-Medina, 878 F.2d 21, 22 (1st Cir. 1989); United States v. Carter, 815 F.2d 827, 829 (1st Cir. 1987); United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983). The rule has a salutary purpose: since claims of ineffective assistance involve a binary, fact-dominated analysis-the defendant must show, first, that counsel's performance was constitutionally deficient and, second, that the deficient performance prejudiced the defense, see Strickland v. Washington, 466 U.S. 668, 687 (1984)-such claims typically should not be addressed in the first instance by an appellate tribunal. See Mala, slip op. at 10; Costa, 890 F.2d at 483; Hoyas-Medina, 878 F.2d at 22. Moreover, because the trial judge is intimately familiar with the case and is "usually in the best position to assess both the quality of the legal representation afforded to the defendant in the district court and the impact of any shortfall in that representation," Mala, slip op. at 10, his insights are often invaluable in assessing ineffective assistance claims. For these reasons we have undertaken "first instance" review of ineffective assistance claims on direct appeal only when the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the arguments presented. See, e.g., Natanel, 938 F.2d at 309.
 
 
 7
 This case fits within the general rule, not within the long-odds exception to it. On the record presently compiled, we cannot satisfactorily address either prong of the Strickland inquiry. Hence, the issue of ineffective assistance is prematurely before us.
 
 IV
 
 8
 We need go no further. We affirm the judgment below, without prejudice, however, to appellant's right to raise his claim of ineffective assistance in a proceeding brought pursuant to 28 U.S.C. Sec. 2255. We express no opinion as to the merit (or lack of merit) of any such claim.
 
 
 9
 It is so ordered.