16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES of America, Appellee,
v.
Melvin WILLIAMS, Defendant, Appellant.
 No. 93-1118.
 United States Court of Appeals,
First Circuit.
 January 13, 1994
 
 Appeal from the United States District Court for the District of Massachusetts
 Kenneth I. Singer on brief for appellant.
 A. John Pappalardo, United States Attorney, and Michael J. Tuteur, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 In this criminal appeal, defendant-appellant Melvin Williams, having been convicted after a jury trial of armed bank robbery, see 18 U.S.C. Sec. 2113 (1990), advances two arguments. Neither argument is persuasive.
 
 
 2
 1. Williams challenges his conviction on the ground that the prosecutor engaged in improper argument. We agree that the statement to which appellant's counsel objected was inaccurate, and the objection thereto ought to have been sustained. We have, however, carefully reviewed the record, and we have found overwhelming evidence of guilt. We are, therefore, confident that the error did not affect the outcome of the trial. Because the error was harmless, we are not at liberty to order a new trial on this basis. See, e.g., United States v. Hastings, 461 U.S. 499, 510-12 (1983) (holding that harmless error analysis is applicable to improper closing argument by prosecutor); United States v. Sepulveda, F.3d, (1st Cir. 1993) [No. 92-1362, slip op. at 48] (finding "misguided rhetoric" not to call for reversal "given the weight of the evidence"); United States v. Brown, 938 F.2d 1482, 1489 (1st Cir.) (holding improper argument not to necessitate retrial where record contained substantial evidence of guilt), cert. denied, 112 S. Ct. 611 (1991); United States v. Rodriguez-Estrada, 877 F.2d 153, 158-59 (1st Cir. 1989) (similar; prosecutor improperly vouched for witness's credibility).
 
 
 3
 2. Appellant also presses a claim under the Sixth Amendment, contending that his trial attorney performed below acceptable standards of proficiency. We do not think that this contention is ripe for our consideration. "We have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." United States v. Mala, F.3d, (1st Cir. 1993) [No. 91-2229, slip op. at 9-10] (footnote omitted); accord, e.g., United States v. McGill, 952 F.2d 16, 19 (1st Cir. 1991); United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991), cert. denied, 112 S. Ct. 986 (1992); United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989); United States v. Costa, 890 F.2d 480, 482-83 (1st Cir. 1989); United States v. Hoyas-Medina, 878 F.2d 21, 22 (1st Cir. 1989); United States v. Carter, 815 F.2d 827, 829 (1st Cir. 1987); United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983).
 
 
 4
 The rule has a salutary purpose: since claims of ineffective assistance involve a binary, fact-dominated analysis-the defendant must show, first, that counsel's performance was constitutionally deficient and, second, that the deficient performance prejudiced the defense, see Strickland v. Washington, 466 U.S. 668, 687 (1984)-such claims typically should not be addressed in the first instance by an appellate tribunal. See Mala, F.3d at [slip op. at 10]; Costa, 890 F.2d at 483; Hoyas-Medina, 878 F.2d at 22. Moreover, because the trial judge is intimately familiar with the case and is "usually in the best position to assess both the quality of the legal representation afforded to the defendant in the district court and the impact of any shortfall in that representation," Mala, F.3d at [slip op. at 10], his insights are often invaluable in assessing ineffective assistance claims. For these reasons we have undertaken "first instance" review of ineffective assistance claims on direct appeal only when the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the arguments presented. See, e.g., Natanel, 938 F.2d at 309.
 
 
 5
 This case fits within the general rule, not within the narrow exception to it. On the record presently compiled, we cannot satisfactorily address either prong of the Strickland inquiry. In particular, we cannot tell whether counsel's failure to claim "surprise" or to seek a voir dire when an in-court identification loomed may (or may not) have served some strategic purpose, or, if not, whether the failure to follow a different course can fairly be regarded as prejudicial in the Strickland sense. Hence, the issue of ineffective assistance is prematurely before us.
 
 
 6
 We need go no further. We summarily affirm the judgment below, see 1st Cir. R. 27.1, without prejudice, however, to appellant's right to raise his claim of ineffective assistance in a proceeding brought pursuant to 28 U.S.C. Sec. 2255. We express no opinion as to the merit (or lack of merit) of any such claim.
 
 
 7
 It is so ordered.