50 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Pedro Guillermo FELIX-SANTOS, Defendant, Appellant.
 No. 94-1723
 United States Court of Appeals,
First Circuit.
 Mar. 24, 1995
 
 Appeal from the United States District Court for the District of Puerto Rico Hon. Jose Antonio Fuste, U.S. District Judge ]
 Edwin O. Vazquez, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, were on brief, for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and SELYA, Circuit Judge. McGIVERIN, by appointment of the Court, for appellant.
 SELYA, Circuit Judge.
 
 
 1
 On March 9, 1994, appellant, Pedro Guillermo Felix-Santos, pled guilty to four counts of a nine-count indictment charging him and other individuals with a host of drug- related offenses.[1] The district court subsequently sentenced appellant to a 70-month prison term, to be followed by 48 months of supervised release. At the same time, the court dismissed the other counts that the grand jury had lodged against Felix-Santos, including count 4 a count that charged him with using a firearm during and in relation to the commission of a drug trafficking crime. See 18 U.S.C. Sec. 924(c)(1).
 
 
 2
 Felix-Santos appeals his conviction and sentence. Because his appeal presents no substantial, properly cognizable question, we summarily affirm. See 1st Cir. R. 27.1.
 
 
 3
 Felix-Santos advances two principal assignments of error. First, he contends that his guilty plea resulted from trial counsel's ineptitude, and that he should therefore be permitted to withdraw it. This contention is simply not ripe for consideration on direct appeal. As we recently explained:
 
 
 4
 We have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court. See, e.g., United States v. McGill, 952 F.2d 16, 19 (1st Cir. 1991); United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991); cert. denied, 112 S. Ct. 986 (1992); United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989); United States v. Costa, 890 F.2d 480, 482-83 (1st Cir. 1989); United States v. Hoyos-Medina, 878 F.2d 21, 22 (1st Cir. 1989); United States v. Carter, 815 F.2d 827, 829 (1st Cir. 1987); United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983). The rule has a prudential aspect. Since claims of ineffective assistance involve a binary analysis the defendant must show, first, that counsel's performance was constitutionally deficient and, second, that the deficient performance prejudiced the defense, see Strickland v. Washington, 466 U.S. 668, 687 (1984) such claims typically require the resolution of factual issues that cannot efficaciously be addressed in the first instance by an appellate tribunal. See Costa, 890 F.2d at 483; Hoyos-Medina, 878 F.2d at 22. In addition, the trial judge, by reason of his familiarity with the case, is usually in the best position to assess both the quality of the legal representation afforded to the defendant in the district court and the impact of any shortfall in that representation. Under ideal circumstances, the court of appeals should have the benefit of this evaluation; elsewise, the court, in effect, may be playing blindman's buff.
 
 
 5
 United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) (footnote omitted).
 
 
 6
 Appellant's case is emblematic of the reasons undergirding the rule. The accusation that counsel blundered was not voiced below; the district court has not spoken to it; and unanswered factual questions abound. Consequently, it would be imprudent to entertain the ineffective assistance claim on direct review, and we decline to do so.[2]
 
 
 7
 Felix-Santos' remaining contention implicates the sentencing phase. The lower court boosted his offense level by two levels premised on his alleged use of a firearm in relation to the drug trafficking conspiracy.[3] In turn, this enhancement increased the guideline sentencing range and resulted in a more onerous sentence. Appellant contends that the court erred in this respect. On the record as it presently stands, this contention is untenable.
 
 
 8
 We begin our explanation by noting that the district court's dismissal of count 4 has little bearing on the sentencing enhancement. It is firmly settled that, under the sentencing guidelines, conduct embodied in counts that were originally charged, but later dropped, may nonetheless be used to upgrade the sentencing range applicable to the counts of conviction. See, e.g., United States v. Garcia, 954 F.2d 12, 15 (1st Cir. 1992); cf. United States v. Mocciola, 891 F.2d 13, 17 (1st Cir. 1989) (enunciating same principle in respect to "acquitted" counts). Thus, the fact that the government moved to dismiss count 4, even when coupled with the fact that the court acquiesced, did not bar consideration of the conduct charged therein the use of a firearm during and in relation to a drug trafficking conspiracy as a basis for elevating the defendant's offense level.
 
 
 9
 Appellant's assignment of error has another dimension. He asserts that the court lacked a proper factual basis for applying the enhancement. This asseveration, too, is profoundly flawed. In the first place, appellant acknowledges that he stipulated to the applicability of the enhancement as part of his plea bargaining.[4] Appellant did not move to set aside the stipulation, and, therefore, the sentencing court had both the authority and the right to give the stipulation full force and effect. See, e.g., United States v. Adail, 30 F.3d 1046, 1047 (8th Cir.), cert. denied, 115 S. Ct. 653 (1994); United States v. McGill, 952 F.2d 16, 18 (1st Cir. 1991); Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1206 (7th Cir. 1989); United States v. Kulp, 365 F. Supp. 747, 763 (E.D. Pa. 1973), aff'd, 497 F.2d 921 (3d Cir. 1974).
 
 
 10
 In the second place, the court had before it sufficient information, apart from the stipulation, to enable it to make the requisite finding. The presentence investigation report which itself has evidentiary effect, see United States v. Gonzalez- Vazquez, 34 F.3d 19, 25 (1st Cir. 1994) (explaining "[f]acts contained in a presentence report ordinarily are considered reliable evidence for sentencing purposes"); United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993) (same) furnished a basis for the enhancement. Moreover, Felix-Santos admitted to the court at the change-of-plea hearing that there was a valid factual predicate for the stipulation. This admission is fully equivalent to an admission that he, in fact, bore responsibility for the revolver.
 
 
 11
 We need go no further.[5] For the reasons stated, we affirm appellant's conviction and sentence, without prejudice, however, to appellant's right to raise his ineffective assistance of counsel claims, and any other properly cognizable claims, on a petition for post-conviction relief filed pursuant to 28 U.S.C. Sec. 2255. See, e.g., Mala, 7 F.3d at 1063. We intimate no opinion as to the merit or lack of merit of any such claim(s). Affirmed.
 
 
 
 [1]
 The four counts to which Felix-Santos pled guilty charged him with conspiring to possess and distribute kilogram quantities of cocaine in violation of 21 U.S.C. Secs. 841(a)(1)(b)(1)(B)(ii), 846 (count 1), and using telephones on three occasions to facilitate the conspiracy in violation of 21 U.S.C. Sec. 843(b)(c) and 18 U.S.C. Sec. 2 (counts 5, 6, and 8)
 
 
 [2]
 To be sure, we have occasionally undertaken review of ineffective assistance claims on direct appeal, even without the advantage of the district court's views. See, e.g., Natanel, 938 F.2d at 309. It is important to note, however, that we seldom travel this route unless "the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the claim." Id
 3 U.S.S.G. Sec. 2D1.1(b)(1) provides for a two-level enhancement of a defendant's offense level if a firearm or other dangerous weapon was present during the commission of a drug trafficking offense unless the sentencing court finds it to be "clearly improbable that the weapon was connected with the offense." U.S.S.G. Sec. 2D1.1, comment. (n.3).
 
 
 [4]
 While this stipulation does not appear in the written plea agreement, the parties discussed it with Judge Fuste at the change- of-plea hearing. The judge summarized the stipulation on the record as providing "that there is going to be a weapons enhancement for sentencing purposes." Appellant told the judge that he understood the stipulation and was aware that his sentence would "be higher because of the fact that [he was] carrying a revolver during the commission of a drug-related offense."
 
 
 [5]
 We have considered appellant's bold-faced claims that the weapons enhancement violated his rights under both the Due Process Clause and Fed. R. Crim. P. 32. We find those claims to be meritless, and we reject them out of hand