[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1967

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS A. GARCIA-RODRIGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Selya, Circuit Judge,

Cyr, Senior Circuit Judge,

and Stahl, Circuit Judge.

Juan J. Hernandez Lopez De Victoria on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco and Camille Vélez-Rivé, Assistant United States Attorneys, on brief for appellee.

May 19, 2000

**Per Curiam.** The sole ground of this appeal is the appellant's contention that his trial counsel rendered ineffective assistance and thereby induced him to plead guilty to a crime that he did not commit. We have held, with a regularity bordering on the monotonous, that claims of ineffective assistance of counsel ordinarily cannot make their debut on direct review of a criminal conviction, but, rather, must first be presented to, and acted upon by, the trial court. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) ("Since claims of ineffective assistance involve a binary analysis — the defendant must show, first, that counsel's performance was constitutionally deficient and, second, that the deficient performance prejudiced the defense . . . — such claims typically require the resolution of factual issues that cannot efficaciously be addressed in the first instance by an appellate tribunal.") (internal citations omitted); see also United States v. Berríos, 132 F.3d 834, 841 (1st Cir. 1998); United States v. McGill, 952 F.2d 16, 19 (1st Cir. 1991); United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989); United States v. Costa, 890 F.2d 480, 482-83 (1st Cir. 1989); United States v. Hoyos-Medina, 878 F.2d 21, 22 (1st Cir. 1989); United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983). Because the

appellant's ineffective assistance claim was not raised in the district court, this rule comes to mind here.

To be sure, a narrow exception to this rule exists "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an ineffective assistance claim." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). Here, however, the record is very scantily developed on the key issues, the subsidiary facts are uncertain, and the parties' briefs are redolent with the familiar scents of speculation and surmise. Thus, the appropriate method for pursuing this claim is through a collateral proceeding in the district court under 28 U.S.C. § 2255 (1994 & Supp. 1996). See United States v. Soldevila-López, 17 F.3d 480, 485 (1st Cir. 1994); Mala, 7 F.3d at 1063; United States v. Daniels, 3 F.3d 25, 27 (1st Cir. 1993); McGill, 952 F.2d at 19 n.5; Hunnewell, 891 F.2d at 956 n.1.

One circumstance in this case, however, requires us to take a special prophylaxis. Like Mala, 7 F.3d at 1064, this strikes us as the rare occasion on which the appointment of counsel is warranted for the handling of a section 2255 proceeding. See 18 U.S.C. § 3006A(a)(2)(B) (Supp. 2000) (stipulating that, if "the interests of justice so require, representation may be provided [under the Criminal Justice Act]

-4-

for any financially eligible person who . . . is seeking relief under section ... 2255 of title 28").  We thus direct the district court, if appellant petitions for section 2255 relief and demonstrates continued financial eligibility, to appoint counsel for him under section 3006A(a)(2)(B).

We need go no further.  Since the ineffective assistance issue is not ripe for review, and the appellant asserts no other grounds for appeal, we dismiss the appeal. This ruling is without prejudice to the appellant's right to raise his claim of ineffective assistance in a collateral proceeding brought pursuant to 28 U.S.C. § 2255.  The district court shall, subject to the Criminal Justice Act's strictures, appoint counsel for appellant should such a proceeding eventuate.

**It is so ordered**.