DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Jeff Roy Mills, appeals from the judgment of the Summit County Court of Common Pleas which convicted him of rape, kidnapping and felonious assault and adjudicated him a sexual predator. We affirm.
 {¶ 2} On January 23, 2003, the Summit County Grand Jury charged Defendant with two counts of rape, in violation of2907.02(A)(2); kidnapping, in violation of R.C. 2905.01(A)(4); and felonious assault, in violation of R.C. 2903.11(A)(1) and (2). Discovery commenced and the matter proceeded to trial. The jury found Defendant guilty on all counts. Defendant was sentenced and adjudicated a sexual predator. Defendant timely appealed and asserts one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court abused its discretion by not holding a hearing to investigate juror misconduct once brought to its attention thereby denying [Defendant] due process[.]"
 {¶ 3} In his sole assignment of error, Defendant asserts that the trial court abused its discretion when it failed to hold a hearing to investigate alleged juror misconduct. Defendant's assertion lacks merit.
 {¶ 4} It is a basic premise that a defendant must bring an alleged error to the attention of the trial court at a time when the error can be corrected. State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus. A defendant's failure to raise a claim of juror misconduct until after trial, when the issue of potential misconduct was known by the defendant during trial, amounts to a waiver of the claim. State v. Tefft (Apr. 9, 1993), 3rd. Dist. No. 13-92-38, citing United States v.Costa (C.A. 1, 1989), 890 F.2d 480, 482. "`Any other rule would allow defendants to sandbag the court by remaining silent and gambling on a favorable verdict, knowing that if the verdict went against them, they could always obtain a new trial by later raising the issue of juror misconduct.'" Tefft, supra, quotingCosta, 890 F.2d at 482. Moreover, one may not sit idly while hoping for a favorable jury verdict and only assert an issue, capable of being remedied at the time of its occurrence, upon receiving an unfavorable jury verdict. State v. Houseman (June 29, 2000), 7th Dist. No. 98 BA 4, citing State v. Brletich
(June 28, 2000), 7th Dist. No. 98 CO 84.
 {¶ 5} In the present matter, Defendant indicates that he "observed one of the jurors speaking with a member of the victim's [family] during the deliberation period of the [t]rial." However, Defendant failed to apprise the trial court of this incident at a time when the error could have been corrected by voir dire, curative instructions, use of an alternate juror, or otherwise. Upon review of the record, we find that the alleged misconduct was not brought to the court's attention during the trial proceedings. Rather, Defendant first raised the issue at his sentencing hearing, which was conducted over one month after the jury returned a guilty verdict. Thus, the principles stated in Costa apply and we find that Defendant has waived this alleged error.
 {¶ 6} Furthermore, we find no merit to Defendant's assertion that the trial court was required to hold a hearing to investigate into the "possibility" of misconduct as neither Defendant, nor his counsel, requested such a hearing. See Statev. Sapp (Aug 15, 1995), 10th Dist. No. 94APA10-1524. At the sentencing hearing, Defendant's counsel requested a one-week continuance so that an investigation into the misconduct could be conducted. He did not request that the court conduct that investigation. Consequently we are unable to conclude that the court erred in failing to hold such a hearing. Accordingly, Defendant's sole assignment of error is overruled.
 {¶ 7} Defendant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. and Baird, J. Concur.