989 F.2d 484
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jorge Hernando HOYOS-MEDINA, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 No. 92-2283.
 United States Court of Appeals,
First Circuit.
 March 15, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Frank D. Inserni for appellant.
 Jose A. Quiles-Espinosa, Senior Litigation Counsel, with whom Daniel F. Lpez-Romo, United States Attorney, was on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Jorge Hernando Hoyos-Medina appeals the denial of his 28 U.S.C. § 2255 petition to reverse his conviction. He claims ineffective assistance of counsel in violation of the sixth amendment of the United States Constitution. For the reasons stated below, we find that the district court properly denied the petition.
 
 BACKGROUND
 
 2
 Appellant was convicted of violations of 21 U.S.C. §§ 952(a), 841(a)(1), 955 for possession and importation into the United States, of 10.4 kilograms of cocaine. Appellant was arrested while traveling from Bogot, Colombia to Geneva, Switzerland on Iberia Airlines. The plane stopped in San Juan, Puerto Rico and was searched by United States Customs officials. The inspectors isolated what was alleged to be appellant's suitcase because it was heavy and had irregular stitching on the outside that suggested the bag had a secret compartment. A search of its contents revealed a stash of cocaine. The suitcase bore a baggage claim ticket; a plastic name tag, written in appellant's handwriting and identifying the bag as his; and an Iberia Airlines control number. The control number is placed on the baggage, the airline ticket, and the boarding pass, to insure that the passenger who checked-in a particular piece of luggage boards the aircraft. Every bag must be accompanied by a passenger or it is removed from the plane before take-off. Because the control number is an antiterrorist safeguard, it is attached without the passenger's knowledge. Appellant's ticket and boarding pass corresponded to the control number attached to the suspect luggage. Customs officials arrested appellant primarily on the basis of this matching control number.
 
 
 3
 Appellant maintains that he was traveling to Madrid and Geneva for pleasure, and to purchase dental equipment for the son of a friend. While appellant admitted writing the identification tag, he denies ownership of the suspect suitcase. Appellant claims that when he approached the Iberia counter in the Bogot airport, he was asked by the female attendant to fill out an identification tag for his carry-on bag and to pay the exit tax. He contends that he left his bag and the identification tag unattended at the counter to get exact change to pay the tax at the direction of the Iberia check-in official. When he returned, the female attendant had been replaced by another individual, who instructed appellant to hurry to the gate since boarding had begun. Appellant argues that during the mix-up, while his bag was out of his sight, an employee must have put the identification tag he filled out on someone else's baggage.
 
 
 4
 After a jury convicted appellant, his court-appointed trial counsel moved to withdraw from the case. The district court granted the motion, appointed a federal public defender to represent appellant at sentencing, and sentenced appellant according to the guidelines.
 
 
 5
 In United States v. Hoyos-Medina, 878 F.2d 21 (1st Cir. 1989), we affirmed the conviction but allowed appellant to raise the ineffective assistance of counsel claim in a collateral proceeding, since it was not properly before the court at the time of the first appeal. Appellant unsuccessfully presented this ineffective assistance of counsel claim in the district court. We now turn to the merits of his claim.
 
 DISCUSSION
 
 6
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for ineffective assistance of counsel claims. The first prong requires petitioners to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Lpez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). This aspect of the test presents a formidable hurdle, as the court begins with the presumption that "counsel's conduct falls within the wide rage of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 669 (citation omitted). The second prong demands a showing that defendant has been prejudiced. More specifically, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also Lpez-Nieves, 917 F.2d at 648.
 
 
 7
 Appellant alleges several errors on the part of trial counsel. He contends that counsel improperly (1) failed to seek a continuance to secure witnesses and documents that would have bolstered appellant's version of the facts; (2) attempted to coerce appellant into pleading guilty; and (3) acted with arrogance towards appellant and indifference towards his case. We begin by analyzing the specific pieces of evidence that appellant claims trial counsel negligently failed to investigate and introduce into evidence.
 
 
 8
 First, appellant maintains that, had trial counsel sought a continuance, he would have presented testimony from his wife and friends regarding his good character. We note, however, that counsel reasonably may have decided not to call appellant's wife. The two were separated at the time of the trial, and cross-examination of the wife might have ventured into compromising matters for defendant. Therefore, the decision not to call her was within "sound trial strategy." Strickland, 466 U.S. at 669.
 
 
 9
 With respect to other character witnesses, we admit that if appellant wished to have such witnesses testify, counsel should have called them. At the § 2255 hearing, trial counsel offered no explanation for failing to call character witnesses. But, assuming arguendo that such omission constitutes objectively unreasonable professional conduct, we cannot say that 'but for' the failure to offer testimony of good character, the trial probably would have turned out differently. Id. at 694. In light of the strong evidence linking appellant to the luggage, the omission of character witnesses was not prejudicial.
 
 
 10
 Second, appellant claims that he would have offered a letter from an official at Iberia Airlines, stating that appellant checked one piece of luggage weighing 21 kilograms for which he did not have to pay an overweight charge. Putting aside the question of admissibility,[1] such a letter would be of little assistance to appellant unless the disputed bag weighed in excess of 21 kilos. Since the record shows no evidence with respect to the weight of the suitcase seized by the government, counsel's failure to introduce the document was not objectively unreasonable. It is unhelpful to argue that trial counsel should have attempted to get evidence that the disputed suitcase weighed more than defendant's luggage. To grant such an argument would require that we reverse a conviction based on the defendant's unsupported allegation of the possible existence of exculpatory evidence. In the context of a § 2255 collateral attack, in order to succeed, appellant must be able to point to some concrete evidence that the trial counsel should have presented.
 
 
 11
 The defect in appellant's line of argument is readily apparent. At the hearing on this appeal, counsel said that appellant was not given the opportunity to show that his version of the story was true. He maintained that he filled out the identification tag in front of a female check-in clerk; was separated from his bags at her direction; and returned to the counter, only to be hustled off to the gate. He further maintained that during his absence the identification tag, written in his hand-writing, had been attached to someone else's suitcase filled with cocaine. When asked by the court whether counsel could produce a witness to corroborate appellant's version, or whether the record showed whether such a witness ever existed, counsel replied only that trial counsel should have found one. Such a bald assertion cannot support a reversal for ineffective assistance of counsel because we do not know whether there was a witness that trial counsel unprofessionally failed to discover.
 
 
 12
 Third, appellant claims that counsel failed to obtain a letter or testimony from the son of a friend (who is an orthodontist) corroborating appellant's story that the purpose of the trip was, in part, to purchase dental equipment on the son's behalf. While corroboration of this purpose would have been helpful to him, appellant testified as to the purpose of his trip. But, like the failure to bring character witnesses, we cannot say that 'but for' the failure to solicit and introduce the letter, there is a reasonable probability-one "sufficient to undermine confidence in the outcome"-that the verdict would have been different. Id. at 694. Thus, appellant failed to make the required showing of prejudice.
 
 
 13
 The overall object of the inquiry at this stage is to ensure that some significant piece of evidence (which would support appellant's claim of innocence) was not entered into evidence because of trial counsel's unprofessional errors. At this late date appellant has failed to show any evidence to undermine the critical piece of evidence linking him to the suspect baggage: the control number 145 which connected the bag with Hoyos-Medina's ticket and boarding pass.
 
 
 14
 We now turn to appellant's allegations that trial counsel attempted to coerce a guilty plea, and that counsel was indifferent towards the case. Trial counsel purportedly visited Hoyos-Medina at the penitentiary and falsely informed him that the judge was "rip roaring mad" at him. In addition, he promised that the judge would be lenient if appellant pled guilty and told him to "go to hell" when appellant protested his innocence. Evidence of counsel's indifference includes: (1) failure to vigorously argue a Rule 29 Motion for Judgment of Acquittal at the close of the government's case; and (2) voluntary suppression of a document from the Colombian Government attesting to appellant's clean criminal record.
 
 
 15
 At the § 2255 hearing, trial counsel admitted that "often times one has to prod [defendants] for the purpose of helping them help themselves, so to speak." He also stated that he told Hoyos-Medina that "if the jury does not believe you and if the judge believes that you have lied, the judge is going to screw you."
 
 
 16
 To begin with, we do not condone any pressure from defense counsel to plead guilty. Defendant's choice of plea is entirely his own. Our criminal justice system exerts considerable pressure to induce guilty pleas without improper influence from court-appointed attorneys charged with the duty to defend accused.
 
 
 17
 Nonetheless, it is unnecessary to delve too deeply into appellant's final allegations of ineffective assistance. Because trial counsel was unsuccessful in his attempt to pressure appellant to plead guilty, the purported coercion is but an example of counsel's alleged negative or indifferent attitude towards his case. We find these claims without merit because outward indicia of trial counsel's effort suggests the contrary. He filed the appropriate motions in a timely manner and kept abreast of appellant's case. For example, trial counsel succeeded in excluding a damaging document that appellant now argues should have been admitted. Indeed, the document from the Colombian government regarding appellant's criminal history would have shown no convictions, but it also would have indicated that he had been tried and acquitted of extortion. This seems like sound trial strategy to us. Appellant's vague assertions of ineffectiveness and indifference do not constitute objectively reasonable professional misconduct, nor do they demonstrate the necessary prejudice. In this case, we do not find that ineffective representation caused a break-down of the adversarial process such that defendant did not receive a fair trial.
 
 
 18
 Finally, we need not consider appellant's request to remand the case to the district court for a ruling on the merits of his Motion Requesting Amendments and Further Findings of Fact to the Judgment, submitted pursuant to Fed. R. Civ. P. 52(b), because the motion offers substantially the same arguments as appellant's brief on appeal. We have amply canvassed these arguments.
 
 
 19
 The district court's decision is affirmed.
 
 
 20
 Affirmed.
 
 
 
 [1]
 The district court opined that much of appellant's documentary evidence would have been inadmissible without foundation or live testimony. Hoyos-Medina v. United States, No. 92-1373, slip op. at 4 n.3, 5 n.4 (D.P.R. July 22, 1992)