March 15, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2283

 JORGE HERNANDO HOYOS-MEDINA,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jos Antonio Fust , U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 

 Torruella and Selya, Circuit Judges.
 

 

 Frank D. Inserni for appellant.
 
 Jos A. Quiles-Espinosa, Senior Litigation Counsel, with
 
whom Daniel F. L pez-Romo, United States Attorney, was on brief
 
for appellee.

 

 

 Per Curiam. Appellant Jorge Hernando Hoyos-Medina
 

appeals the denial of his 28 U.S.C. 2255 petition to reverse

his conviction. He claims ineffective assistance of counsel in

violation of the sixth amendment of the United States

Constitution. For the reasons stated below, we find that the

district court properly denied the petition.

 BACKGROUND
 

 Appellant was convicted of violations of 21 U.S.C.

 952(a), 841(a)(1), 955 for possession and importation into the

United States, of 10.4 kilograms of cocaine. Appellant was

arrested while traveling from Bogot , Colombia to Geneva,

Switzerland on Iberia Airlines. The plane stopped in San Juan,

Puerto Rico and was searched by United States Customs officials.

The inspectors isolated what was alleged to be appellant's

suitcase because it was heavy and had irregular stitching on the

outside that suggested the bag had a secret compartment. A

search of its contents revealed a stash of cocaine. The suitcase

bore a baggage claim ticket; a plastic name tag, written in

appellant's handwriting and identifying the bag as his; and an

Iberia Airlines control number. The control number is placed on

the baggage, the airline ticket, and the boarding pass, to insure

that the passenger who checked-in a particular piece of luggage

boards the aircraft. Every bag must be accompanied by a

passenger or it is removed from the plane before take-off.

Because the control number is an antiterrorist safeguard, it is

attached without the passenger's knowledge. Appellant's ticket

and boarding pass corresponded to the control number attached to

the suspect luggage. Customs officials arrested appellant

primarily on the basis of this matching control number.

 Appellant maintains that he was traveling to Madrid and

Geneva for pleasure, and to purchase dental equipment for the son

of a friend. While appellant admitted writing the identification

tag, he denies ownership of the suspect suitcase. Appellant

claims that when he approached the Iberia counter in the Bogot 

airport, he was asked by the female attendant to fill out an

identification tag for his carry-on bag and to pay the exit tax.

He contends that he left his bag and the identification tag

unattended at the counter to get exact change to pay the tax at

the direction of the Iberia check-in official. When he returned,

the female attendant had been replaced by another individual, who

instructed appellant to hurry to the gate since boarding had

begun. Appellant argues that during the mix-up, while his bag

was out of his sight, an employee must have put the

identification tag he filled out on someone else's baggage.

 After a jury convicted appellant, his court-appointed

trial counsel moved to withdraw from the case. The district

court granted the motion, appointed a federal public defender to

represent appellant at sentencing, and sentenced appellant

according to the guidelines. 

 In United States v. Hoyos-Medina, 878 F.2d 21 (1st Cir.
 

1989), we affirmed the conviction but allowed appellant to raise

the ineffective assistance of counsel claim in a collateral

proceeding, since it was not properly before the court at the

 -3-

time of the first appeal. Appellant unsuccessfully presented

this ineffective assistance of counsel claim in the district

court. We now turn to the merits of his claim.

 DISCUSSION
 

 In Strickland v. Washington, 466 U.S. 668 (1984), the
 

Supreme Court established a two-prong test for ineffective

assistance of counsel claims. The first prong requires

petitioners to demonstrate that "counsel's representation fell

below an objective standard of reasonableness." Id. at 688; see
 

also L pez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir.
 

1990). This aspect of the test presents a formidable hurdle, as

the court begins with the presumption that "counsel's conduct

falls within the wide rage of reasonable professional assistance;

that is, the defendant must overcome the presumption that, under

the circumstances, the challenged action 'might be considered

sound trial strategy.'" Id. at 669 (citation omitted). The
 

second prong demands a showing that defendant has been

prejudiced. More specifically, defendant must show that "there

is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." Id. at 694; see also L pez-Nieves, 917 F.2d at
 

648.

 Appellant alleges several errors on the part of trial

counsel. He contends that counsel improperly (1) failed to seek

a continuance to secure witnesses and documents that would have

bolstered appellant's version of the facts; (2) attempted to

 -4-

coerce appellant into pleading guilty; and (3) acted with

arrogance towards appellant and indifference towards his case.

We begin by analyzing the specific pieces of evidence that

appellant claims trial counsel negligently failed to investigate

and introduce into evidence. 

 First, appellant maintains that, had trial counsel

sought a continuance, he would have presented testimony from his

wife and friends regarding his good character. We note, however,

that counsel reasonably may have decided not to call appellant's

wife. The two were separated at the time of the trial, and

cross-examination of the wife might have ventured into

compromising matters for defendant. Therefore, the decision not

to call her was within "sound trial strategy." Strickland, 466
 

U.S. at 669. 

 With respect to other character witnesses, we admit

that if appellant wished to have such witnesses testify, counsel

should have called them. At the 2255 hearing, trial counsel

offered no explanation for failing to call character witnesses.

But, assuming arguendo that such omission constitutes objectively
 

unreasonable professional conduct, we cannot say that 'but for'

the failure to offer testimony of good character, the trial

probably would have turned out differently. Id. at 694. In
 

light of the strong evidence linking appellant to the luggage,

the omission of character witnesses was not prejudicial. 

 Second, appellant claims that he would have offered a

letter from an official at Iberia Airlines, stating that

 -5-

appellant checked one piece of luggage weighing 21 kilograms for

which he did not have to pay an overweight charge. Putting aside

the question of admissibility,1 such a letter would be of little

assistance to appellant unless the disputed bag weighed in excess

of 21 kilos. Since the record shows no evidence with respect to

the weight of the suitcase seized by the government, counsel's

failure to introduce the document was not objectively

unreasonable. It is unhelpful to argue that trial counsel should

have attempted to get evidence that the disputed suitcase weighed

more than defendant's luggage. To grant such an argument would

require that we reverse a conviction based on the defendant's

unsupported allegation of the possible existence of exculpatory

evidence. In the context of a 2255 collateral attack, in order

to succeed, appellant must be able to point to some concrete

evidence that the trial counsel should have presented. 

 The defect in appellant's line of argument is readily

apparent. At the hearing on this appeal, counsel said that

appellant was not given the opportunity to show that his version

of the story was true. He maintained that he filled out the

identification tag in front of a female check-in clerk; was

separated from his bags at her direction; and returned to the

counter, only to be hustled off to the gate. He further

maintained that during his absence the identification tag,

 

1 The district court opined that much of appellant's documentary
evidence would have been inadmissible without foundation or live
testimony. Hoyos-Medina v. United States, No. 92-1373, slip op.
 
at 4 n.3, 5 n.4 (D.P.R. July 22, 1992).

 -6-

written in his hand-writing, had been attached to someone else's

suitcase filled with cocaine. When asked by the court whether

counsel could produce a witness to corroborate appellant's

version, or whether the record showed whether such a witness ever

existed, counsel replied only that trial counsel should have

found one. Such a bald assertion cannot support a reversal for

ineffective assistance of counsel because we do not know whether

there was a witness that trial counsel unprofessionally failed to

discover.

 Third, appellant claims that counsel failed to obtain a

letter or testimony from the son of a friend (who is an

orthodontist) corroborating appellant's story that the purpose of

the trip was, in part, to purchase dental equipment on the son's

behalf. While corroboration of this purpose would have been

helpful to him, appellant testified as to the purpose of his

trip. But, like the failure to bring character witnesses, we

cannot say that 'but for' the failure to solicit and introduce

the letter, there is a reasonable probability -- one "sufficient

to undermine confidence in the outcome" -- that the verdict would

have been different. Id. at 694. Thus, appellant failed to make
 

the required showing of prejudice. 

 The overall object of the inquiry at this stage is to

ensure that some significant piece of evidence (which would

support appellant's claim of innocence) was not entered into

evidence because of trial counsel's unprofessional errors. At

this late date appellant has failed to show any evidence to

 -7-

undermine the critical piece of evidence linking him to the

suspect baggage: the control number 145 which connected the bag

with Hoyos-Medina's ticket and boarding pass.

 We now turn to appellant's allegations that trial

counsel attempted to coerce a guilty plea, and that counsel was

indifferent towards the case. Trial counsel purportedly visited

Hoyos-Medina at the penitentiary and falsely informed him that

the judge was "rip roaring mad" at him. In addition, he promised

that the judge would be lenient if appellant pled guilty and told

him to "go to hell" when appellant protested his innocence.

Evidence of counsel's indifference includes: (1) failure to

vigorously argue a Rule 29 Motion for Judgment of Acquittal at

the close of the government's case; and (2) voluntary suppression

of a document from the Colombian Government attesting to

appellant's clean criminal record.

 At the 2255 hearing, trial counsel admitted that

"often times one has to prod [defendants] for the purpose of

helping them help themselves, so to speak." He also stated that

he told Hoyos-Medina that "if the jury does not believe you and

if the judge believes that you have lied, the judge is going to

screw you."

 To begin with, we do not condone any pressure from

defense counsel to plead guilty. Defendant's choice of plea is

entirely his own. Our criminal justice system exerts

considerable pressure to induce guilty pleas without improper

influence from court-appointed attorneys charged with the duty to

 -8-

defend accused.

 Nonetheless, it is unnecessary to delve too deeply into

appellant's final allegations of ineffective assistance. Because

trial counsel was unsuccessful in his attempt to pressure

appellant to plead guilty, the purported coercion is but an

example of counsel's alleged negative or indifferent attitude

towards his case. We find these claims without merit because

outward indicia of trial counsel's effort suggests the contrary.

He filed the appropriate motions in a timely manner and kept

abreast of appellant's case. For example, trial counsel

succeeded in excluding a damaging document that appellant now

argues should have been admitted. Indeed, the document from the

Colombian government regarding appellant's criminal history would

have shown no convictions, but it also would have indicated that

he had been tried and acquitted of extortion. This seems like

sound trial strategy to us. Appellant's vague assertions of

ineffectiveness and indifference do not constitute objectively

reasonable professional misconduct, nor do they demonstrate the

necessary prejudice. In this case, we do not find that

ineffective representation caused a break-down of the adversarial

process such that defendant did not receive a fair trial.

 Finally, we need not consider appellant's request to

remand the case to the district court for a ruling on the merits

of his Motion Requesting Amendments and Further Findings of Fact

to the Judgment, submitted pursuant to Fed. R. Civ. P. 52(b),

because the motion offers substantially the same arguments as

 -9-

appellant's brief on appeal. We have amply canvassed these

arguments.

 The district court's decision is affirmed.

 Affirmed.
 

 -10-