<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 96-2363

                         UNITED STATES,

                           Appellee,

                               v.

                     ISRAEL SANTIAGO-LUGO,

                     Defendant, Appellant.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

         [Hon. Jos Antonio Fust, U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

                Lynch and Lipez, Circuit Judges.

                     _____________________

   Terrance J. McCarthy, by appointment of the Court, on brief,
for appellant.
   Lena Watkins, Associate Deputy Chief, Narcotic and Dangerous
Drug Section, Criminal Division, U.S. Department of Justice,
James K. Robinson, Assistant Attorney General, Mary Ellen Warlow,
Acting Chief, Narcotic and Dangerous Drug Section, and Guillermo
Gil, Acting United States Attorney, on brief, for appellee.

                      ____________________

                       February 3, 1999
                      ____________________

         TORRUELLA, Chief Judge. Israel Santiago-Lugo ("Santiago-
Lugo") was the lead defendant in a fifty-count indictment returned
on June 7, 1995, in the District of Puerto Rico.  Count 1 of the
indictment charged Santiago-Lugo and thirty co-defendants with
conspiracy to possess cocaine base, cocaine, heroin, and marijuana
with intent to distribute from 1988 through the date of the
indictment, in violation of 21 U.S.C.  846.  Count 2 charged
Santiago-Lugo and several co-defendants with engaging in a
continuing criminal enterprise, in violation of 18 U.S.C.  2 and
21 U.S.C.  848, and further alleged that Santiago-Lugo was the
principal administrator, organizer, and leader of the enterprise.  
Counts 4 through 45 charged Santiago-Lugo and various co-defendants
with engaging in monetary transactions in criminally derived
property, in violation of 18 U.S.C.  2 and 1957.  The jury
returned guilty verdicts on all counts.  The district court imposed
concurrent sentences of life imprisonment as to Count 2 and
imprisonment for 10 years as to each of counts 4 through 45, to be
followed by concurrent five and three year terms of supervised
release.  On appeal, Santiago-Lugo challenges procedural rulings
made by the trial court.  For the following reasons, we affirm.
                           BACKGROUND
         Santiago-Lugo was the kingpin of a vast drug conspiracy.  
His actions, and those of his associates, are fully documented in
this Court's opinions in United States v. Eulalio Candelaria-Silva,
No. 96-1711, slip op. (1st Cir. Jan. 22, 1999), United States v.
Luis Candelaria-Silva, No. 97-1659, slip op. (1st Cir. Dec. 10,
1998), and United States v. Marrero-Ortiz, No. 96-2187, slip op.
(1st Cir. Nov. 17, 1998).
                           DISCUSSION
I.  Anonymous Jury
         The need for the district court to empanel an anonymous
jury for Santiago-Lugo and his co-conspirators was enunciated by
this Court in Marrero-Ortiz, slip op. at 13-14.  We see no need to
rethink our decision.
II.  Jury Selection
         Our discussion of whether the district court violated
Santiago's constitutional or statutory rights by excusing fourteen
jurors prior to voir dire is set forth in Eulalio Candelaria-Silva,
slip op. at 12-25.  Suffice to say, we held that the district
court's actions did not constitute reversible error.
III.  Unfair Trial
         Santiago-Lugo contends that the placement of a marshal
near the defense table during the testimony of Noem Garca-Otero,
in conjunction with the anonymous jury, resulted in erosion of the
presumption of innocence and, therefore, an unfair trial.  His
claim is without merit.
         First, Santiago-Lugo did not even object to the marshal's
location at trial.  In fact, none of the attorneys who inquired
about the marshal's presence expressed any concern that his
presence would unfairly convey the message that the defendants were
dangerous to the jury.  Thus, the record offers no indication that
the marshal's presence and location was "so inherently prejudicial"  
as to deny the defendants a fair trial.  See Holbrook v. Flynn, 475
U.S. 560, 570 (1986).  Where there is cause for security measures,
a "slight degree of prejudice" is tolerated.  See id. at 571.
         Second, with respect to decisions about security at
trial, the trial judge "must be accorded broad discretion."  United
States v. Darden, 70 F.3d 1507, 1533 (8th Cir. 1995).  In this
case, the district court indicated that the U.S. Marshals Service
had requested the specific placement of the marshal.  The judge's
dialogue with co-defendants' counsel appeared to reflect more
concern about the marshal overhearing what occurred at the defense
table than about the marshal's presence imparting to the jury a
presumption of dangerousness.  Therefore, the court properly
exercised its discretion in this matter and certainly did not
commit plain error.
IV.  Conflict of Interest  
         The presumption in favor of a defendant's counsel of
choice "may be overcome not only by a demonstration of actual
conflict, but by a showing of serious potential for conflict."  
Wheat v. United States, 486 U.S. 153, 164 (1989).  In each case,
however, "[t]he evaluation of the facts and circumstances . . .
under this standard must be left primarily to the informed judgment
of the trial court."  Id.  Furthermore, although a district court
must inquire when advised of a potential conflict of interest, the
court may rely on counsel's representations that no such conflict
exists.  See United States v. Kliti, 156 F.3d 150, 153 (2d Cir.
1998).  It is within the district court's discretion to override a
defendant's waiver of protection from a conflict of interest.  SeeWheat, 486 U.S. at 164.  Here, the district court properly
exercised its discretion in accepting Santiago-Lugo's waiver of the
potential conflict of interest identified by the government, and no
actual conflict developed with respect to the evidence presented at
trial.
         The government's conflict of interest pleadings reflected
that, prior to Santiago-Lugo's investment in the Magdalena S.E.
partnership, his attorney, Humberto Ramrez-Ferrer ("Ramrez"), had
been a partner.  Although correspondence from a bank was addressed
to Ramrez as a partner in Magdalena for the period March-July
1992, all other documentation and information reflected that
Ramrez's interest in the partnership terminated prior to Santiago-
Lugo's acquisition of a one-half interest in the partnership from
Jos Gmez-Cruz.  Thus, the only information linking Ramrez to
Santiago-Lugo's financial transactions was the evidence--from which
Ramrez's name was redacted--that Ramrez provided and was paid for
legal services in conjunction with Santiago-Lugo's purchase of two
gas stations.
         In arguing that the district court should have
disqualified Ramrez as his attorney, Santiago-Lugo highlights
their participation in the Magdalena partnership and legal services
that Ramrez subsequently provided to Santiago-Lugo--some in
relation to Santiago-Lugo's interest in the partnership.  
         While it is true that an actual conflict exists where
counsel's representation of a defendant precludes the admission of
favorable or exculpatory evidence, see Kliti, 156 F.3d at 157, this
case does not present such a circumstance.  First, Ramrez's
involvement in Magdalena, including the partnership's purchase of
real estate in 1989, was completely unrelated to the transactions
relevant to this case.  Second, Ramrez withdrew from the
partnership prior to Santiago-Lugo's purchase of a one-half
interest from Gmez-Cruz for $250,000 in 1992.   
         There is no information in the record supporting the
allegation that Ramrez possessed knowledge bearing on the sources
of the illicit funds attributed to Santiago-Lugo.  Santiago-Lugo's
claim that the district court should have disqualified his attorney  
is without merit.
V.  Inadequate Representation
         Santiago-Lugo alleges that Ramrez failed to adequately
cross-examine the expert accountant, Pablo Montes.  He also alleges
that another of his attorneys, Erick Morales: (1) failed to bring
forth witnesses who could have identified his brother, Ral
Santiago-Lugo, as the leader of the conspiracy; (2) elicited
damaging information from a government agent and a cooperating
witness; and (3) hurt his cause by arguing with the district court
over evidentiary and procedural matters.
         However, the appellate record does not indicate that any
of these claims was properly raised before and/or addressed by the
district court.  Moreover, our review of the record persuades us
that the record is not sufficiently developed for us to address the
merits of Santiago-Lugo's Sixth Amendment claim at this time.  
Accordingly, we do not reach it.  See, e.g., United States v. Gray,
958 F.2d 9, 15 (1st Cir. 1992) ("Time and again we have held that
a claim of inadequate representation will not be resolved on direct
appeal when the claim has not been raised in the district court,
unless the critical facts are not in dispute and a sufficiently
developed record exists."); see also United States v. Hoyos-Medina,
878 F.2d 21, 22 (1st Cir. 1989) ("Fairness to the parties and
judicial economy both warrant that, absent extraordinary
circumstances, an appellate court will not consider an ineffective
assistance claim where no endeavor was first made to determine the
claim at the district court level.").
                           CONCLUSION
    For the above reasons, we AFFIRM.

</body>

</html>