USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2070  PETER M. CUMMING, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Peter M. Cumming on brief pro se. ________________ Jay P. McCloskey, United States Attorney, and Margaret D. ___________________ ____________ McGaughey, Assistant United States Attorney, on Memorandum of Law in _________ Support of Motion for Summary Disposition, for appellee. ____________________ August 4, 1995 ____________________ Per Curiam. Peter M. Cumming appeals pro se from __________ ___ __ the district court's dismissal of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. The government has moved for summary disposition, and Cumming has filed an opposition and a brief. We grant the motion and affirm. The present 2255 motion is Cumming's second. The first such motion -- alleging double jeopardy and ineffective assistance of trial and appellate counsel -- was dismissed without prejudice because Cumming's appeal from conviction was pending in this court. Before the direct appeal was decided, Cumming filed this 2255 motion alleging that 18 U.S.C. 4111 was unconstitutional and had deprived him of equal protection of the laws. Cumming also moved to amend the second 2255 motion to assert a claim that a third attorney involved in his case had rendered ineffective assistance. Subsequently, Cumming's conviction and sentence were affirmed, United States v. Cumming, No. 93-1960 (1st _____________ _______ Cir. Aug. 9, 1994), and shortly thereafter the district court adopted a magistrate-judge's recommendation that (1) the  2255 equal protection claim be dismissed because it clearly lacked merit, and (2) the motion to amend to add another ineffectiveness of counsel claim be denied because the first 2255 motion had been dismissed without prejudice to Cumming's right to refile all his ineffectiveness claims after the decision in his direct appeal. In deciding Cumming's direct appeal, we rejected the claim that his prosecution for unlawful importation of controlled substances was barred by double jeopardy principles because of Cumming's British conviction on related charges.1 We also decided that Cumming could not claim any violation of 18 U.S.C. 4111 because those provisions are only applicable to offenders transferred from a foreign country for the express purpose of completing the execution of a foreign sentence in the United States. 18 U.S.C.  4100(a), 4101(j); United States v. Gambino, 729 F. Supp. 954, _____________ _______ 968 (S.D.N.Y. 1990), aff'd, 968 F.2d 227 (2d Cir. 1992). _____ Cumming, slip op. at 4. It is not disputed that Cumming's _______ return to the United States was voluntary, and not pursuant to the above treaty provisions. As an initial matter we note that Cumming's appellate brief and answer to the government's motion make no attempt whatsoever to articulate an argument in support of his equal protection ground, thereby waiving it. Martinez v. ________ Colon, 54 F.3d 980, 990 (1st Cir. 1995). Even if we were to _____  ____________________ 1. In 1992, Cumming was approved for transfer to the United States to complete the execution of his British sentence under treaty provisions codified at 18 U.S.C. 4100-4111, but declined the transfer. Cumming was released from British custody in February 1993 after serving the complete foreign sentence. -3- address that claim, it is clear that Cumming's double jeopardy premise has simply been reworked under the guise of equal protection. That claim, at bottom, seeks relief from a sentence which Cumming believes constitutes double punishment for the same offenses. But, we have already resolved Cumming's double jeopardy argument and issues disposed of on direct appeal may not be reviewed in a subsequent 2255 proceeding absent an intervening change in the law or a showing that manifest injustice would otherwise result. See ___ Singleton v. United States, 26 F.3d 234, 240 (1st Cir.), _________ ______________ cert. denied, 115 S. Ct. 517 (1994); Campbell v. Blodgett, _____ ______ ________ ________ 982 F.2d 1321, 1326 (9th Cir. 1992) ("A petitioner may not create a different ground merely by alleging different facts, asserting different legal theories, or couching his argument in different language."); see also Reed v. Farley, 114 S. Ct. ___ ____ ____ ______ 2291, 2297 (1994). Nothing indicates that any exception to that rule applies here. In addition, we find no abuse of discretion by the district court in denying the motion to amend, but decline the government's invitation to decide the merits of Cumming's ineffective assistance of counsel claims. This court has generally adhered to the view that such assessments are best made by the district judge in the first instance. Knight v. ______ United States, 37 F.3d 769, 774 (1st Cir. 1994); United ______________ ______ States v. Carter, 815 F.2d 827, 829 (1st Cir. 1987); United ______ ______ ______ -4- States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983). Since ______ ________ the district court has left the door open to Cumming to press his ineffectiveness claims, Cumming has the option to file a 2255 motion strictly limited to those claims without being subjected to dismissal for abuse of the writ. Cf. Rule 9(b), ___ Rules Governing 2255 Proceedings (successive motions may be dismissed). The judgment of the district court is affirmed. ________ -5-