DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the State of Ohio, appeals from a judgment that convicted and sentenced Appellee, Calvin Chisolm, alleging that the Summit County Court of Common Pleas erred in imposing sentence. We affirm.
 I. {¶ 2} Chisolm was indicted on one count of domestic violence and one count of abduction. Chisolm later entered a plea of guilty to the offense of domestic violence and the abduction charge was dismissed. The trial court sentenced Chisolm to a term of six months, credited him for the 100 days that he had already served, and ordered that Chisolm be released.
 {¶ 3} The State appeals and raises one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SIX MONTH SENTENCE WITH CREDIT FOR ONE HUNDRED DAYS AND THEN DISCHARGING THE DEFENDANT WITH NO FURTHER SANCTION OR RESOLUTION OF THE TIME REMAINING ON THE SENTENCE."
 {¶ 4} The State challenges the trial court's sentencing of Chisolm, insofar as the court imposed a sentence of 180 days, credited Chisolm for the 100 days that he had already served, and then discharged him without explaining what became of the remaining 80 days of the six-month sentence.
 {¶ 5} At the sentencing hearing, the trial judge had explained that she would impose sentence in that manner:
 "Based on the facts and circumstances, Court imposes a sentence of 100 days in the county jail.
 "It's my understanding that Mr. Chisolm has served 100 days. * * *
 "Court will order that time served to be credited. The sentence is six months in the state penal system, together with Post Release Control. I will order that time served as a full discharge of that sentence. Bond is released."
 {¶ 6} After the trial judge explained that she was imposing a sentence of 100 days and that the 100 days served would be a full discharge of the sentence, the prosecutor raised no objection, nor was anything said. The State had the opportunity to raise this issue at the sentencing hearing, but it did not do so. This Court has frequently held that "[f]ailure to object to sentencing errors constitutes a waiver of such errors." See, e.g., State v. Tomblin, 9th Dist. No. 05CA0035, 2005-Ohio-6916, at ¶ 6. "It is a basic premise that a defendant must bring an alleged error to the attention of the trial court at a time when the error can be corrected." State v. Mills, 9th Dist. No. 21751,2004-Ohio-1750, at ¶ 4. The State failed to preserve this issue for appellate review and we will not address it for the first time on appeal. The assignment of error is overruled.
 III. {¶ 7} The assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
EDNA J. BOYLE
FOR THE COURT
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)